IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DARIN BRUSITER,**                                             Case Number 1:15 CV 2194

       Petitioner,                                             Judge Patricia A. Gaughan

       v.                                             REPORT AND RECOMMENDATION

**CHRISTOPHER LAROSE,**

       Respondent.                                             Magistrate Judge James R. Knepp II

## INTRODUCTION

Darin Brusiter, a *pro se* Ohio prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondent, Warden Christopher LaRose filed an answer (Doc. 7) with attached exhibits (Doc. 7-1, 7-2). Petitioner filed a reply. (Doc. 10). The district court has jurisdiction over this petition under 28 U.S.C. § 2254(a). This cause is before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) for findings of fact, conclusions of law, and recommendations. Following review, and for the reasons stated below, the undersigned recommends the Petition be dismissed.

## BACKGROUND

On April 29, 2011, a grand jury indicted Brusiter on two counts of aggravated murder in violation of Ohio Rev. Code § 2903.01(A) and (B) (Counts 1 and 2); kidnapping  in violation of Ohio Rev. Code § 2905.01(A)(2) (Count 3); insurance fraud in violation of Ohio Rev. Code § 2913.47(B)(1) (Count 4); and tampering with evidence in violation of Ohio Rev. Code § 2921.12(A)(1) (Count 5). Counts one through four carried firearm specifications. Counts one

and two carried murder for hire specifications, while count two also carried a felony murder specification. Brusiter pleaded not guilty to all charges.

Brusiter moved to suppress statements that he made to police, arguing that his statements were obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). (Doc. 7–1, at 11–26). After a hearing and additional briefing, the trial court denied the motion to suppress. (Doc. 7–1, at 45).

Brusiter then entered into a plea agreement. The State agreed to dismiss Count 2, the aggravated murder charge, and all firearm specifications except for the three-year specification, and the murder for hire specification. Brusiter pleaded guilty to the remaining charges. On May 2, 2012, Brusiter was sentenced to serve thirty years to life in prison for Count 1 (aggravated murder), ten years of imprisonment for Count 3 (kidnapping), eighteen months of imprisonment for Count 4 (insurance fraud), and three years of imprisonment for Count 5 (tampering with evidence). The sentences were ordered to be concurrently served. All firearm specifications were merged into one three year sentence, for an aggregate sentence of thirty-three years to life in prison. (Doc. 7–1, at 46–47).

The Ohio Court of Appeals summarized the facts of the case as follows:

{¶ 2} The record indicates that Brusiter and Samuel Wilson conspired to murder Wilson's wife for insurance money. According to Brusiter's statement, Wilson drove his wife and Brusiter to various places until they stopped, and Brusiter got out of the backseat and shot and killed Wilson's wife. The grand jury indicted Brusiter on two counts of aggravated murder, with one-, three- and six-year firearm specifications, a felony murder specification and a murder for hire specification, one count of kidnapping with the three-year firearm specification, one count of insurance fraud, and one count of tampering with evidence. After prolonged negotiations, Brusiter and the state of Ohio reached a plea bargain, under which Brusiter would plea to count one, aggravated murder, with the three-year firearm specification and the felony murder specification, kidnapping with the three-year firearm specification, insurance fraud, and tampering with evidence. Brusiter and the state further agreed to a 33–years–to–life sentence, as well as to a stipulation that the murder charge and the kidnapping charge would

2

not merge as allied offenses, but the sentence for kidnapping would be served concurrently with the murder sentence. (Tr. 100, 103 and 109.) The trial court accepted the plea deal as presented.

*State v. Brusiter*, No. 98614, 2013 WL 4774496, at *1 (Ohio Ct. App. Aug. 30, 2013).

On June 28, 2012, Brusiter filed a *pro se* notice of appeal with the Ohio Court of Appeals. (Doc. 7–1, at 48). In his brief filed by new counsel, Brusiter argued that the trial court erred by denying his motion to suppress. (Doc. 7–1, at 65–82). On April 11, 2013, the Ohio Court of Appeals affirmed the trial court's judgment. (Doc. 7–1, at 105–11).

Brusiter did not immediately appeal the decision of the Ohio Court of Appeals. Rather, on November 1, 2013, Brusiter filed a *pro se* notice of appeal with the Supreme Court of Ohio. (Doc. 7–1, at 112 ). Brusiter also moved for a delayed appeal pursuant to Ohio Appellate Rule 26(B). Brusiter argued that he had tried to pursue a Rule 26(B) action to have his appeal re-opened, but he did not know what he was doing. He also argued that, in order to raise claims in federal court, he was required to "fairly present" them in state court. (Doc. 7–1, at 114–22). The Supreme Court of Ohio denied Brusiter leave to appeal and dismissed the case on December 24, 2013. (Doc. 7–1, at 130).

On August 17, 2012, Brusiter filed with the trial court a *pro se* petition to vacate or set aside his judgment of conviction or sentence pursuant to Ohio Rev. Code § 2953.21. (Doc. 7–1, at 131–35). Brusiter raised the following arguments in his petition:

> 1. Fifth Amendment self-Incrimination [sic] and Fourteenth Amendment Due process of Law [sic].
>
> Trial court errored when failing to suppress statements due to Miranda violations.
>
> 2. I was deprived of my Sixth Amendment right to counsel because my counsel was ineffective.

3

> My trial counsel was ineffective because he failed to do the proper research for my suppression hearing.

The trial court denied the petition on March 6, 2014. (Doc. 7–1, at 156).

Brusiter then moved the trial court to issue findings of fact and conclusions of law supporting the dismissal of his petition to vacate. (Doc. 7–1, at 157–61). On September 2, 2014, the trial court issued its findings of fact and conclusions of law. The court concluded that, by pleading guilty, Brusiter had waived his right to challenge the court's denial of his motion to suppress. The court also stated that Brusiter had not provided any documentation, or proven that trial counsel had been ineffective in failing to properly research the motion to suppress. The court determined that counsel competently questioned witnesses and provided legal memoranda to the court. Finally, the trial court found that Brusiter's petition had no merit and denied the motion without a hearing. (Doc. 7–1, at 174–77).

On September 10, 2014, Brusiter filed a notice of appeal with the Ohio Court of Appeals challenging the trial court's findings of fact and conclusions of law. (Doc. 7–1, at 178). In his brief, Brusiter raised the following argument: "The Trial Court abused its discretion in denying Appellant an evidentiary hearing on Petition for Post-Conviction Relief in light of clear showing that Appellant's trial counsel had in fact induced appellant into pleading guilty by supplying erroneous information which clearly prejudiced Appellant." (Doc. 7–1, at 191). The Ohio Court of Appeals affirmed the trial court's judgment on April 23, 2015. (Doc. 7–1, at 223–30).

On May 28, 2015, Brusiter filed a notice of appeal with the Supreme Court of Ohio again arguing that the trial court erred in denying him an evidentiary hearing on his post-conviction relief petition. (Doc. 7–1, at 239–59). On July 22, 2015, the Supreme Court of Ohio declined to accept jurisdiction of the appeal. (Doc. 7–1, at 260).

4

On October 11, 2013, Brusiter filed a notice of appeal with the Supreme Court of Ohio arguing he was denied effective assistance of trial and appellate counsel. The Supreme Court of Ohio declined to accept jurisdiction of the case. (Doc. 7–1, at 302).

Brusiter then filed his habeas corpus petition with this Court raising the following grounds for relief:

> GROUND ONE: The trial court erred in overruling Defendant's motion to suppress.
>
> Supporting facts: The Detectives issued a Miranda warning in the middle of the Defendant's interrogation. The Defendant made admissions before issued Miranda rights and was asked to repeat admissions after the warning but the Detective did not attempt to aide [sic] the situation by assuring Defendant that his earlier admission would not be used against him.
>
> GROUND TWO: Trial counsel was ineffective for failing to do the proper research for the suppression hearing.
>
> Supporting facts: Defendant's trial counsel submitted a motion to suppress Defendant's statement that was made to Detectives. The trial counsel used very old case law that did not fully bring understanding of previously ruled case's [sic] that dealt with the exact same issue and could have won the suppression hearing.
>
> GROUND THREE: Trial counsel was ineffective for inducing Brusiter to enter a Guilty Plea under the belief that he could argue the Constitutional violations which accused [sic] during his suppression hearing.
>
> Supporting facts: After being told the Motion to Suppress had been denied the Defendant insisted on going to trial to preserve his right to Appeal [sic] his Constitutional claims but the trial counsel induced Defendant by assuring him that he can plead guilty and still persue [sic] his appeal with no issues or complication's [sic] from the plea.

(Doc. 7–1, at 5, 7).

## STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court cannot grant a habeas corpus petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: (1) was contrary to,

or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d). Under the contrary to clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). Under the unreasonable application clause, a federal court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the petitioner's case. *Id*. at 413. To obtain habeas corpus relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

To analyze whether a state court decision is contrary to or an unreasonable application of clearly established Supreme Court precedent, courts look only to the holdings of the Supreme Court's decisions as of the time of the relevant state court decision. *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003). The state court's factual findings are presumed correct unless rebutted by the habeas corpus petitioner by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *McAdoo v. Elo*, 365 F.3d 487, 493–94 (6th Cir. 2004).

### DISCUSSION

Before seeking a writ of habeas corpus in federal court, a petitioner must first exhaust his state court remedies before a federal court can grant relief on a constitutional claim. 28 U.S.C.

6

§ 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). This requirement is designed to give state courts the initial opportunity to pass upon and, if necessary, correct errors of federal law in a state prisoner's conviction or sentence. *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971). The purpose of exhaustion "is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).

To properly exhaust state remedies, the petitioner must "fairly present" a claim in each of the appropriate state courts, including a state supreme court, in a procedurally appropriate manner. *O'Sullivan*, 526 U.S. at 845. In Ohio, this requires direct and delayed appeals to the Ohio Court of Appeals and the Supreme Court of Ohio. *See Allen v. Perini*, 424 F.2d 134, 140 (6th Cir. 1970).

> As the Supreme Court noted in *Picard*,
>
> If the exhaustion doctrine is to prevent unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution, it is not sufficient merely that the federal habeas applicant has been through the state courts. The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.

*Picard*, 404 U.S. at 275–76 (internal quotation marks and citations omitted). "It is not enough that all the facts necessary to support the federal claim were before the state courts, . . . or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (citations omitted). The legal and factual "substance" of the federal claim must have been presented to the state courts. *Id*. The claim to the state courts must be presented as a federal

7

constitutional claim, not merely as an issue arising under state law. *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987); *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).

Ordinarily, a state prisoner does not "fairly present" a claim to a state court if the petition, brief, or document does not alert the court "to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

> In determining whether a petitioner has fairly presented a federal constitutional claim to the state courts, a habeas court may consider whether (1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) the petitioner relied upon federal cases employing the constitutional analysis in question; (3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or (4) the petitioner alleged facts well within the mainstream of the pertinent constitutional law. A petitioner need not cite chapter and verse of constitutional law, but general allegations of the denial of rights to a fair trial and due process do not fairly present claims that specific constitutional rights were violated.

*Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004) (internal quotation marks, alterations, and citations omitted).

The petitioner wanting to raise a federal issue can indicate the federal law basis for the claim in a state-court petition or brief by citing the federal source of law or a case deciding such a claim on federal grounds. *Baldwin*, 541 U.S. at 32.

In Ohio, a criminal constitutional question cannot be raised in the Supreme Court of Ohio unless it was presented and argued in the lower court. *State v. Phillips*, 272 N.E.2d 347, 352 (Ohio 1971). Where an appeal is taken to the Supreme Court of Ohio, the court will not consider or determine errors that were not raised and preserved in the court of appeals. *Id*. Thus, an issue raised for the first time in the Supreme Court of Ohio is waived. It will not be reviewed by the Supreme Court of Ohio, and the issue is deemed not to have been properly exhausted for federal

8

habeas review. *See Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985); *Phillips*, 272 N.E.2d at 352.

The failure to properly present a federal ground to the state courts constitutes procedural default or waiver barring federal habeas corpus review. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996). When the petitioner fails to fairly present to the state courts the claim on which he seeks relief in federal court, and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim. *O'Sullivan*, 526 U.S. at 853–54.

Federal courts will normally consider a default to have occurred if the last "reasoned state judgment rejecting a federal claim" makes a plain statement regarding the procedural default. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). If the relevant issues were not presented at all to the state courts, the statement is unnecessary. *Harris v. Reed*, 489 U.S. 255, 263 n.9 (1989).

A habeas corpus petitioner procedurally defaults a claim if:

(1) the petitioner fails to comply with a state procedural rule; (2) the state courts enforce the rule; (3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim; and (4) the petitioner cannot show cause and prejudice excusing the default.

*Guilmette v. Howes*, 624 F.3d 286, 290 (6th Cir. 2010) (citations omitted); *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

The "cause" standard in procedural–default cases requires a petitioner to show that "some objective factor external to the defense" impeded his efforts to raise a claim in the state courts. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (internal quotation marks omitted). Such factors may include interference by officials, an attorney error rising to the level of ineffective assistance of counsel, or a showing of a factual or legal basis for a claim that was not reasonably available. *Id*. at 493–94.

9

A federal court may grant habeas corpus relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. 28 U.S.C. § 2254(d)(1); *Williams*, 529 U.S. at 412–13. Under this standard, Brusiter must show that the resolutions of his arguments by the state courts of Ohio were contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d); *Williams*, 529 U.S. at 412–13.

**Ground One**

Brusiter argues that the trial court erred in overruling his motion to suppress. Brusiter contends the detectives issued a *Miranda* warning in the middle of his interrogation and that he was asked to repeat his admissions after the *Miranda* warning was given. In Brusiter's direct appeal, the Ohio Court of Appeals found the argument to be waived as a result of Brusiter's guilty plea. *State v. Brusiter*, No. 98614, 2013 WL 1501011, at *1–2 (Ohio Ct. App. Apr. 11, 2013). Under Ohio S. Ct. Prac. R. 7.01(A)(1)(a)(I), Brusiter had forty-five days to perfect an appeal with the Supreme Court of Ohio. Brusiter failed to meet this deadline. Rather, Brusiter filed a notice of appeal on November 1, 2013, along with a request to file a delayed appeal under Rule 26(B).

A violation of the timeliness requirements of an application for reopening an appeal, *Monzo v. Edwards*, 281 F.3d 568, 578 (6th Cir. 2002), and the timeliness requirements for an appeal to the Supreme Court of Ohio, *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004), "constitute adequate and independent state grounds to preclude hearing an untimely claim on the merits." *Baker v. Bradshaw*, 495 F. App'x 560, 565 (6th Cir. 2012). Further, a Rule 26(B)

10

application must be filed within ninety days from when the appellate judgment is journalized, Ohio App. R. 26(B)(1), and an application under Rule 26(B) does not extend the forty-five day time limit to file a notice of appeal with the Supreme Court of Ohio. Ohio S. Ct. Prac. R. 7.01(A)(4)(c).

Because Brusiter's appeal to the Supreme Court of Ohio was untimely, the issue is deemed not to have been properly exhausted for federal habeas corpus review. *Baker*, 495 F. App'x at 565; *Bonilla*, 370 F.3d at 497. Further, Brusiter has not established cause and prejudice to excuse the default, *Maupin*, 785 F.2d at 138, nor has he shown the alleged constitutional violation "probably resulted in the conviction of one who is actually innocent . . . ." *Murray*, 477 U.S. at 496.

**Ground Two**

In his second ground for relief, Brusiter contends that his trial counsel was ineffective by failing to do appropriate research for his suppression hearing. Specifically, Brusiter asserts his trial counsel used "very old case law that did not fully bring understanding of previously ruled cases that dealt with the exact same issue and could have won the suppression hearing." (Doc. 1, at 7). The issue was raised before the trial court which found the claim to be without merit. (Doc. 7–1, at 174–77). However, Brusiter failed to present the argument on appeal to either the Ohio Court of Appeals or the Supreme Court of Ohio.

The issue is procedurally defaulted. The issue could have been presented on direct appeal to the Ohio Court of Appeals and the Supreme Court of Ohio. Because Brusiter failed to properly present the issue in his direct appeal, the argument is procedurally defaulted. *Haliym v. Mitchell*, 492 F.3d 680, 697 (6th Cir. 2007).

11

To properly exhaust state remedies, the petitioner must fairly present a claim in each of the appropriate state courts, including a state supreme court, in a procedurally appropriate manner. *O'Sullivan*, 526 U.S. at 845. This requires direct and delayed appeals to the Ohio Court of Appeals and the Supreme Court of Ohio. *Allen*, 424 F.2d at 140. Because Brusiter failed to present this claim to the appellate courts of Ohio, a default has occurred. *Id*. In addition, cause and prejudice have not been established to excuse the default, *Maupin*, 785 F.2d at 138, and Brusiter has not shown the alleged constitutional violation resulted in the conviction of an innocent individual. *Murray*, 477 U.S. at 496.

**Ground Three**

In his final request for relief, Brusiter alleges his trial counsel was ineffective by inducing him to plead guilty under the belief that Brusiter could still argue the constitutional merits of the suppression motion on appeal. (Doc. 1, at 8). This ground for habeas corpus relief is also procedurally defaulted.

Ignoring Brusiter's errors in presenting the issue before the state trial court in his motion for post-conviction relief under § 2953.21(A)(2), and the procedural default implications involved in not properly presenting the issue before the state trial court (Doc. 7, at 20–22), the argument raised in the appellate courts of Ohio differs from the argument presented in Brusiter's habeas corpus petition. In the Ohio Court of Appeals, Brusiter argued: "The Trial Court abused it's [sic] discretion in denying Appellant an evidentiary hearing on Petition for Post-Conviction Relief in light of clear showing that Appellant's trial counsel had in fact induce [sic] appellant [sic] into pleading guilty by supplying erroneous information which clearly prejudiced Appellant." (Doc. 7–1, at 191, 199). The same argument was raised before the Supreme Court of Ohio. (Doc. 7-1, at 244).

12

Brusiter did not present his ineffective assistance of trial counsel argument to Ohio's appellate courts. Although Brusiter mentions that his trial counsel induced him to plead guilty to his detriment, Brusiter argued in the state appellate courts that the trial court abused its discretion in denying him an evidentiary hearing. This ground differs from the claim before this Court where Brusiter asserts ineffective assistance of counsel based on alleged misinformation counsel gave him in conjunction with the guilty plea.

Brusiter is required to raise the same claims in a federal habeas corpus petition, under the same factual and legal theories, as he presented to the state courts of Ohio. Anything else is procedurally defaulted. *Baldwin*, 541 U.S. at 32–33; *Anderson*, 459 U.S. at 6–7. Thus, Ground Three of Brusiter's habeas corpus petition is procedurally defaulted and not subject to federal habeas corpus review.

Like his other grounds for relief, Brusiter has not established cause and prejudice to excuse the procedural default. *Maupin*, 785 F.2d at 138. Further, he has not established that this alleged constitutional violation probably resulted in the conviction of an innocent individual. *Murray*, 477 U.S. at 496. Finally, Brusiter has not shown that the resolution of his arguments by Ohio's courts was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d); *Williams*, 529 U.S. at 412–13.

### CONCLUSION AND RECOMMENDATION

Accordingly, the undersigned recommends that the petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed.

s/James R. Knepp II
United States Magistrate Judge

***ANY OBJECTIONS*** to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time ***WAIVES*** the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).